UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN LUIS OROZCO SUCRE (A# 246-735-246), <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | No.  1:26-cv-02435 DC SCR <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS <br><br> (ECF Nos. 3, 9, 10) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 5, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 10.  Neither party filed objections to the findings and recommendations.  Importantly, Respondents did not object to the recommendation that Petitioner be immediately released, even though Petitioner has pending state charges for larceny, theft, and grand theft.  As the magistrate judge noted in the findings and recommendations, "[a]lthough Petitioner was turned over to ICE after his arrest for theft, Respondents do not argue that petitioner is a flight risk or danger to public safety, and no neutral arbiter has made such a determination," and "[w]hile Petitioner's theft arrest was the apparent

1

impetus for his re-detention, Respondent does not argue it represents a circumstance precluding release." *Id.* at 6. This court has previously found that where the government asserts a non-pretextual change in circumstance potentially warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified."). However, the government has made no such assertion in this case, and Respondents did not file any objections to the findings and recommendations recommending Petitioner's immediate release.

The court presumes that any findings of fact are correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendations (ECF No. 10) are ADOPTED;

2.      Petitioner Derwin Luis Orozco Sucre's (A# 246-735-246) application for a writ of habeas corpus (ECF No. 1) is GRANTED as follows:

      a.      Respondents are ordered to immediately release Petitioner;

      b.      If the government seeks to re-detain petitioner, it must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing, where it bears the burden of proof by clear and convincing evidence that petitioner poses a danger to the community or a flight risk;

    c.    Respondent is further directed to file a notice certifying compliance with this order within seven (7) days from the date of entry of this order;

    d.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3.    Petitioner's motion to appoint counsel (ECF No. 3) is DENIED as moot;

4.    Respondent's Motion to Dismiss All Respondents Other than Petitioner's Immediate Custodian (ECF No. 9) is GRANTED;

5.    The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

6.    The Clerk of the Court is directed to enter judgment in petitioner's favor and close the case.

IT IS SO ORDERED.

Dated:   **June 10, 2026**

Dena Coggins
United States District Judge